IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| STAPLES STREET MEAT MARKET, LLC and MICHAEL MEEHAN, | § § § | **JURY DEMANDED** |
| Defendants. | § § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
DILUTION, UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff The Board of Regents of The University of Texas System ("Plaintiff"), appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1.      This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for trademark infringement and dilution under the Texas Business and Commerce Code; and for trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

**PARTIES**

3.      Plaintiff is a Texas state agency established for the purpose of governing The University of Texas System. The powers and duties of Plaintiff are set forth generally at Chapter

1

65 of the Texas Education Code. Plaintiff maintains its principal office at 210 West 7th Street, Austin, Texas 78701.

4.    On information and belief, Defendant Staples Street Meat Market, LLC is a Texas limited liability company with a principal place of business at 7626 South Staples Street, Suite 111, Corpus Christi, Texas 78414.

5.    On information and belief, Defendant Michael Meehan is an individual residing in Corpus Christi, Texas, and is the owner and operator of Staples Street Meat Market, LLC.

6.    On information and belief, Meehan personally participated in, directed, and guided Staples Street Meat Market's actions, as alleged herein.

7.    Staples Street Meat Market, LLC and Michael Meehan are collectively referred to herein as "Defendants."

**FACTS**

**A.    THE UNIVERSITY AND ITS TRADEMARKS**

8.    Plaintiff operates a system of world-class universities and related institutions throughout the State of Texas. Plaintiff's flagship academic institution is The University of Texas at Austin ("UT" or the "University").

9.    UT was founded in 1883 and is world-renowned for providing outstanding educational services at the college and graduate levels. The University provides educational programs in a broad spectrum of disciplines, such as real estate, architecture, business, communication, education, engineering, fine arts, law, liberal arts, nursing, and social work. Many of UT's educational programs consistently rank among the top schools in the United States in their respective fields.

10.     In addition to providing high-quality educational services, the University actively participates in many collegiate sports, including football, baseball, basketball, cross-country, golf, rowing, soccer, softball, swimming and diving, tennis, track and field, and volleyball.

11.     UT operates an extensive trademark licensing program, through which it licenses its trademarks under controlled conditions for use in connection with a wide range of products sold to the consuming public. The University's licensed products are extremely popular, and its licensing program has grown to be one of the most successful collegiate licensing programs in the world.

12.     UT's school colors are orange and white, and thus its marks and licensed products are typically, but not always, presented in or on the color orange.

13.     In connection with UT's services, and to promote those services through the sale of licensed products, the University has adopted and has long and continuously used the Longhorn Silhouette Logo shown below in orange-and-white, black-and-white, and numerous other color schemes.



14.     The University's Longhorn Silhouette Logo has been extensively used by UT for decades in connection with its educational services and athletics programs, as well as on or in connection with a wide variety of products and services, including food and restaurant services, kitchenware, drinkware, and grab-and-go markets (representative examples shown below).

3

  

 

15.     The University's Longhorn Silhouette Logo is inherently distinctive and serves to identify and indicate the source of the University's products and services to the consuming public.

16.     As a result of UT's long use and promotion of the Longhorn Silhouette Logo, the mark has become distinctive to designate the University, to distinguish the University and its products and services from those of others, and to distinguish the source or origin of UT's products and services. As a result of these efforts by UT, the consuming public throughout the United States, particularly in the State of Texas, widely recognizes and associates the Longhorn Silhouette Logo with the University.

17.     As a result of UT's long use and promotion of the Longhorn Silhouette Logo, UT has acquired valuable common law rights in the Logo.

18.     The Longhorn Silhouette Logo is famous pursuant to TEX. BUS. & COM. CODE § 16.103.

4

19.     In accordance with the provisions of federal and state law, the University has registered the Longhorn Silhouette Logo on the Principal Register of the United States Patent and Trademark Office and with the Texas Office of the Secretary of State. *See, e.g.*, U.S. Reg. Nos. 3,838,936; 3,788,598; 1,340,788; 3,553,699; 1,234,940; and 1,456,575; Tex. Reg. No. 3897717. These registrations are valid and subsisting, and the federal registrations are incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of these registrations are attached as **Exhibit A**.

**B.     DEFENDANTS' INFRINGING ACTIVITIES**

20.     Defendants are using the University's Longhorn Silhouette Logo, as shown below (the "Infringing Logo"), in connection with their meat market in Corpus Christi.




21.     Defendants' Infringing Logo is identical to the University's Longhorn Silhouette Logo.

22.     Defendants are also using an orange color scheme in connection with their business. Representative examples of this color scheme are shown below and in paragraph 20 above.




23.     Upon learning of Defendants' use of the Infringing Logo and orange color scheme, the University sent Defendants a demand letter, objecting to their use of the Infringing Logo and orange color scheme.

24.     Despite UT's demand letter and subsequent communications, and despite being on notice of the University's objections, Defendants have continued using the Infringing Logo and orange color scheme in connection with their business, including on signage and promotional materials.

25.     Defendants are using the Infringing Logo in commerce, including in the State of Texas. Defendants' use of the Infringing Logo began long after the University gained rights in its Longhorn Silhouette Logo, and long after the Longhorn Silhouette Logo became famous in Texas.

26.     Defendants are not affiliated with or sponsored by UT, and have not been authorized by the University to use the Infringing Logo, the University's Longhorn Silhouette Logo, or any confusingly similar mark.

27.     The University has notified Defendants of UT's rights in the Longhorn Silhouette Logo, and has made numerous attempts to resolve this dispute with Defendants. Despite UT's attempts to resolve this matter amicably, Defendants have refused to cease using the Infringing Logo.

**C.     EFFECT OF DEFENDANTS' ACTIVITIES**

28.     Defendants' unauthorized use of the Infringing Logo is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendants with UT, or as to the origin, sponsorship, or approval of Defendants' products and services by the University.

29.     Defendants' use of an orange color scheme in connection with their business exacerbates the likelihood that consumers and potential consumers of the parties will mistakenly believe that Defendants have some affiliation, connection, or association with UT.

30.     Defendants' unauthorized use of the Infringing Logo falsely designates the origin of their products and services, and falsely and misleadingly describes and represents facts with respect to Defendants and their services.

31.     Defendants' unauthorized use of the Infringing Logo enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by the University over many years, and to gain acceptance for their services not solely on their own merits, but on the reputation and goodwill of UT, its Longhorn Silhouette Logo, and its products and services.

32.     Defendants' unauthorized use of the Infringing Logo is likely to dilute the University's famous Longhorn Silhouette Logo in Texas.

33.     Defendants' unauthorized use of the Infringing Logo unjustly enriches Defendants at UT's expense. Defendants have been and continue to be unjustly enriched by obtaining a benefit from the University by taking undue advantage of UT and its goodwill. Specifically, Defendants have taken undue advantage of the University by trading on and profiting from the goodwill in the Longhorn Silhouette Logo developed and owned by the University, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for their own business and services.

34.     Defendants' unauthorized use of the Infringing Logo removes from UT the ability to control the nature and quality of the products and services provided under the Longhorn Silhouette Logo and places the valuable reputation and goodwill of the University in the hands of Defendants, over whom UT has no control.

35. Unless these acts of Defendants are restrained by this Court, they will continue to cause irreparable injury to UT and to the public for which there is no adequate remedy at law.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

36. Plaintiff repeats the allegations above as if fully set forth herein.

37. The acts of Defendants complained of herein constitute infringement of Plaintiff's federally registered Longhorn Silhouette Logo in violation of 15 U.S.C. § 1114(1).

38. Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the Longhorn Silhouette Logo, and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the Longhorn Silhouette Logo. In view of the egregious nature of Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT II: FEDERAL UNFAIR COMPETITION

39. Plaintiff repeats the allegations above as if fully set forth herein.

40. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendants' acts of unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

### COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

42. Plaintiff repeats the allegations above as if fully set forth herein.

43. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### COUNT IV: COMMON LAW UNFAIR COMPETITION

44. Plaintiff repeats the allegations above as if fully set forth herein.

8

45.    The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## COUNT V: INFRINGEMENT UNDER TEXAS LAW

46.    Plaintiff repeats the allegations above as if fully set forth herein.

47.    The acts of Defendants complained of herein constitute infringement of Plaintiff's state trademark registration in violation of § 16.102 of the Texas Business and Commerce Code.

## COUNT VI: DILUTION UNDER TEXAS LAW

48.    Plaintiff repeats the allegations above as if fully set forth herein.

49.    The acts of Defendants complained of herein constitute dilution of Plaintiff's famous Longhorn Silhouette Logo in violation of § 16.103 of the Texas Business and Commerce Code.

50.    Defendants willfully intended to trade on the fame of Plaintiff's Longhorn Silhouette Logo.

## COUNT VII: UNJUST ENRICHMENT

51.    Plaintiff repeats the allegations above as if fully set forth herein.

52.    The acts of Defendants complained of herein constitute unjust enrichment at the expense of UT.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a)    Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the Infringing Logo, the Longhorn Silhouette Logo, and any other mark,

name, or design confusingly similar to or likely to cause dilution of those marks, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b)   Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all signage, menus, promotional material, internet postings and advertisements, and any other materials bearing or using the Infringing Logo, the Longhorn Silhouette Logo, and/or any other mark, name, or design that is confusingly similar to or likely to cause dilution of those marks;

(c)   Defendants be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(d)   Plaintiff recover all damages it has sustained as a result of Defendants' activities, and that said damages be trebled;

(e)   An accounting be directed to determine Defendants' profits resulting from its activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(f)   Plaintiff recover its reasonable attorneys' fees;

(g)   Plaintiff recover its costs of this action and pre-judgment and post-judgment interest; and

(h)   Plaintiff recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

10

Respectfully submitted,

Dated: <u>July 29, 2026</u>                    /Jered E. Matthysse/
                                              Jered E. Matthysse
                                              *Attorney-In-Charge*
                                              Texas Bar No. 24072226
                                              S.D. Tex. Bar No. 1115779
                                              Alexandra H. Bistline
                                              Texas Bar No. 24092137
                                              S.D. Tex Bar No. 2627667
                                              PIRKEY BARBER PLLC
                                              1801 East 6th Street, Suite 300
                                              Austin, Texas 78702
                                              Telephone: (512) 322-5200
                                              Fax: (512) 322-5201

                                              ATTORNEYS FOR PLAINTIFF

11